B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Summit Crest Ventures, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>N/A |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br><br>N/A | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br><br>N/A |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>**23-3035690** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>N/A |
| Street Address of Debtor (No. and Street, City, and State):<br>**1105 North Market Street, Suite 1300**<br>**Wilmington, DE**<br><br>ZIP CODE **19801** | Street Address of Joint Debtor (No. and Street, City, and State):<br>N/A<br><br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**New Castle** | County of Residence or of the Principal Place of Business:<br>N/A |
| Mailing Address of Debtor (if different from street address):<br>N/A<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>N/A<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>N/A     ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other<br>Commercial Real Estate Financial & Other Services | ☐ Chapter 7   ☐ Chapter 15 Petition for<br>☐ Chapter 9      Recognition of a Foreign<br>☑ Chapter 11     Main Proceeding<br>☐ Chapter 12   ☐ Chapter 15 Petition for<br>☐ Chapter 13     Recognition of a Foreign<br>              Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br><br>☐ Debts are primarily consumer   ☑ Debts are primarily<br>debts, defined in 11 U.S.C.      business debts.<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose." |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | |

Estimated Number of Creditors (Consolidated)

| ☐<br>1-49 | ☐<br>50-99 | ☐<br>100-199 | ☐<br>200-999 | ☑<br>1,000-<br>5,000 | ☐<br>5,001-<br>10,000 | ☐<br>10,001-<br>25,000 | ☐<br>25,001-<br>50,000 | ☐<br>50,001- Over<br>100,000 | ☐<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets (Consolidated)

| ☐<br>$0 to<br>$50,000 | ☐<br>$50,001 to<br>$100,000 | ☐<br>$100,001 to<br>$500,000 | ☐<br>$500,001<br>to $1<br>million | ☐<br>$1,000,001<br>to $10<br>million | ☐<br>$10,000,001<br>to $50<br>million | ☐<br>$50,000,001<br>to $100<br>million | ☐<br>$100,000,001<br>to $500<br>million | ☐<br>$500,000,001<br>to $1 billion | ☑<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities (Consolidated)

| ☐<br>$0 to<br>$50,000 | ☐<br>$50,001 to<br>$100,000 | ☐<br>$100,001 to<br>$500,000 | ☐<br>$500,001<br>to $1<br>million | ☐<br>$1,000,001<br>to $10<br>million | ☐<br>$10,000,001<br>to $50<br>million | ☐<br>$50,000,001<br>to $100<br>million | ☐<br>$100,000,001<br>to $500<br>million | ☐<br>$500,000,001<br>to $1 billion | ☑<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Summit Crest Ventures, LLC | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location<br>Where Filed:  N/A | Case Number:<br>N/A | Date Filed:<br>N/A |
| Location<br>Where Filed:  N/A | Case Number:<br>N/A | Date Filed:<br>N/A |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor:<br>See attached Schedule A. | Case Number:<br>Pending | Date Filed:<br>10/25/2009 |
| District:          District of Delaware | Relationship:<br>Affiliates | Judge:<br>Pending |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐   Exhibit A is attached and made a part of this petition. | X _____<br>      Signature of Attorney for Debtor(s)        (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case.)* | Summit Crest Ventures, LLC |

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor

    Telephone Number (if not represented by attorney)

    Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
    (Signature of Foreign Representative)

_____
    (Printed Name of Foreign Representative)

_____
    Date

**Signature of Attorney\***

X _____
Signature of Attorney for Debtor(s)
    Mark D. Collins
Printed Name of Attorney for Debtor(s)
    Richards, Layton & Finger, P.A.
Firm Name
    One Rodney Square, 920 North King St.
Address
    Wilmington, DE 19801

    (302) 651-7700
Telephone Number
    10/26/09
Date

\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address
_____

X _____

Date
_____
Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _Thomas L. Fairfield_
Signature of Authorized Individual
    Thomas L. Fairfield
Printed Name of Authorized Individual
    President
Title of Authorized Individual
    October 25, 2009
Date

## Schedule A

### Pending Bankruptcy Cases in the District of Delaware
### Filed by the Debtor and Affiliates of the Debtor

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| Summit Crest Ventures, LLC | 09-_____ ( ) | October 25, 2009 |
| | Relationship:<br><br>Debtor | Judge:<br><br>Pending |
| Name of Debtor:<br><br>Capmark Financial Group Inc. | Case No.<br><br>09-_____ ( ) | Date Filed:<br><br>October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| Name of Debtor:<br><br>Capmark Capital Inc. | Case No.<br><br>09-_____ ( ) | Date Filed:<br><br>October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| Name of Debtor:<br><br>Capmark Finance Inc. | Case No.<br><br>09-_____ ( ) | Date Filed:<br><br>October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| Name of Debtor:<br><br>Commercial Equity Investments, Inc. | Case No.<br><br>09-_____ ( ) | Date Filed:<br><br>October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| Name of Debtor:<br><br>Mortgage Investments, LLC | Case No.<br><br>09-_____ ( ) | Date Filed:<br><br>October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| Net Lease Acquisition LLC | 09-_____ ( ) | October 25, 2009 |
| | Relationship:<br>Affiliate | Judge:<br>Pending |
| Name of Debtor: | Case No. | Date Filed: |
| SJM Cap, LLC | 09-_____ ( ) | October 25, 2009 |
| | Relationship:<br>Affiliate | Judge:<br>Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Capmark Affordable Equity Holdings Inc. | 09-_____ ( ) | October 25, 2009 |
| | Relationship:<br>Affiliate | Judge:<br>Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Capmark REO Holding LLC | 09-_____ ( ) | October 25, 2009 |
| | Relationship:<br>Affiliate | Judge:<br>Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Paramount Managing Member AMBAC II, LLC | 09-_____ ( ) | October 25, 2009 |
| | Relationship:<br>Affiliate | Judge:<br>Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Paramount Managing Member AMBAC III, LLC | 09-_____ ( ) | October 25, 2009 |
| | Relationship:<br>Affiliate | Judge:<br>Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Paramount Managing Member AMBAC IV, LLC | 09-_____ ( ) | October 25, 2009 |

|  | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
|---|---|---|
| **Name of Debtor:**<br><br>Paramount Managing<br>Member AMBAC V, LLC | Case No.<br><br>09-_____ ( ) | Date Filed:<br><br>October 25, 2009 |
|  | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| **Name of Debtor:**<br><br>Paramount Managing<br>Member LLC | Case No.<br><br>09-_____ ( ) | Date Filed:<br><br>October 25, 2009 |
|  | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| **Name of Debtor:**<br><br>Paramount Managing<br>Member II, LLC | Case No.<br><br>09-_____ ( ) | Date Filed:<br><br>October 25, 2009 |
|  | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| **Name of Debtor:**<br><br>Paramount Managing<br>Member III, LLC | Case No.<br><br>09-_____ ( ) | Date Filed:<br><br>October 25, 2009 |
|  | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| **Name of Debtor:**<br><br>Paramount Managing<br>Member IV, LLC | Case No.<br><br>09-_____ ( ) | Date Filed:<br><br>October 25, 2009 |
|  | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| **Name of Debtor:**<br><br>Paramount Managing<br>Member V, LLC | Case No.<br><br>09-_____ ( ) | Date Filed:<br><br>October 25, 2009 |
|  | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| Paramount Managing Member VI, LLC | 09-_____ ( ) | October 25, 2009 |
| | Relationship: | Judge: |
| | Affiliate | Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Paramount Managing Member VII, LLC | 09-_____ ( ) | October 25, 2009 |
| | Relationship: | Judge: |
| | Affiliate | Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Paramount Managing Member VIII, LLC | 09-_____ ( ) | October 25, 2009 |
| | Relationship: | Judge: |
| | Affiliate | Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Paramount Managing Member IX, LLC | 09-_____ ( ) | October 25, 2009 |
| | Relationship: | Judge: |
| | Affiliate | Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Paramount Managing Member XI, LLC | 09-_____ ( ) | October 25, 2009 |
| | Relationship: | Judge: |
| | Affiliate | Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Paramount Managing Member XII, LLC | 09-_____ ( ) | October 25, 2009 |
| | Relationship: | Judge: |
| | Affiliate | Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Paramount Managing Member XVIII, LLC | 09-_____ ( ) | October 25, 2009 |

| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
|---|---|---|
| **Name of Debtor:**<br><br>Paramount Managing Member XIV, LLC | **Case No.**<br><br>09-_____ ( ) | **Date Filed:**<br><br>October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| **Name of Debtor:**<br><br>Paramount Managing Member XV, LLC | **Case No.**<br><br>09-_____ ( ) | **Date Filed:**<br><br>October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| **Name of Debtor:**<br><br>Paramount Managing Member XVI, LLC | **Case No.**<br><br>09-_____ ( ) | **Date Filed:**<br><br>October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| **Name of Debtor:**<br><br>Paramount Northeastern Managing Member, LLC | **Case No.**<br><br>09-_____ ( ) | **Date Filed:**<br><br>October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| **Name of Debtor:**<br><br>Capmark Affordable Properties Inc. | **Case No.**<br><br>09-_____ ( ) | **Date Filed:**<br><br>October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| **Name of Debtor:**<br><br>Paramount Managing Member XXIII, LLC | **Case No.**<br><br>09-_____ ( ) | **Date Filed:**<br><br>October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| Paramount Managing Member XXIV, LLC | 09-_____ (  ) | October 25, 2009 |
| | Relationship: | Judge: |
| | Affiliate | Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Paramount Managing Member 30, LLC | 09-_____ (  ) | October 25, 2009 |
| | Relationship: | Judge: |
| | Affiliate | Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Paramount Managing Member 31, LLC | 09-_____ (  ) | October 25, 2009 |
| | Relationship: | Judge: |
| | Affiliate | Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Paramount Managing Member 33, LLC | 09-_____ (  ) | October 25, 2009 |
| | Relationship: | Judge: |
| | Affiliate | Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Broadway Street California, L.P. | 09-_____ (  ) | October 25, 2009 |
| | Relationship: | Judge: |
| | Affiliate | Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Broadway Street 2001, L.P. | 09-_____ (  ) | October 25, 2009 |
| | Relationship: | Judge: |
| | Affiliate | Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Broadway Street XV, L.P. | 09-_____ (  ) | October 25, 2009 |

| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
|---|---|---|
| **Name of Debtor:**<br><br>Broadway Street XVI, L.P. | Case No.<br><br>09-_____ ( ) | **Date Filed:**<br><br>October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| **Name of Debtor:**<br><br>Broadway Street XVIII, L.P. | Case No.<br><br>09-_____ ( ) | **Date Filed:**<br><br>October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| **Name of Debtor:**<br><br>Broadway Street Georgia I, LLC | Case No.<br><br>09-_____ ( ) | **Date Filed:**<br><br>October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| **Name of Debtor:**<br><br>Capmark Managing Member 4.5 LLC | Case No.<br><br>09-_____ ( ) | **Date Filed:**<br><br>October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| **Name of Debtor:**<br><br>Capmark Affordable Equity Inc. | Case No.<br><br>09-_____ ( ) | **Date Filed:**<br><br>October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |

On the date hereof, each of the affiliated entities listed above (including the debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). A motion will be filed with the Court requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered under the number assigned to the chapter 11 case of Capmark Financial Group Inc.

**WRITTEN CONSENT OF THE SOLE MEMBER OF
SUMMIT CREST VENTURES, LLC**

October 25, 2009

The undersigned, being the sole member (the "Member") of Summit Crest Ventures, LLC, a Delaware limited liability company (the "Company"), does hereby waive any required notice and consent to the following resolutions:

WHEREAS, the Member, after due and careful consideration of the financial situation of the Company and the Company's available alternatives, has determined that it would be desirable and in the best interests of the Company to immediately commence voluntary proceedings under title 11 of the United States Code (the "Bankruptcy Code");

NOW, THEREFORE, BE IT

RESOLVED, that in the judgment of the Member, it is desirable and in the best interests of the Company, its creditors, employees, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code;

RESOLVED, that the Member, acting through its Chairman, Chief Executive Officer, President, Chief Financial Officer, General Counsel, Executive Vice Presidents, Senior Vice Presidents, Secretary, Directors, and Assistant Secretaries (each, an "Authorized Person" and collectively, the "Authorized Persons") is hereby authorized, empowered and directed, in the name, and on behalf of the Company, to execute and verify petitions, and amendments or exhibits thereto, under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware at such time or in such other jurisdiction as such Authorized Person executing the same shall determine;

RESOLVED, that the law firm of Dewey & LeBoeuf LLP be and is hereby engaged as attorneys for the Company under a general retainer in the Chapter 11 Case, subject to any requisite bankruptcy court approval;

RESOLVED, that the law firm of Richards, Layton & Finger, P.A. be and is hereby engaged as local counsel for the Company under a general retainer in the Chapter 11 Case, subject to any requisite bankruptcy court approval;

RESOLVED, that Lazard Frères & Co. LLC be and is hereby engaged as investment banker and financial advisor to the Company in the Chapter 11 Case, subject to any requisite bankruptcy court approval;

RESOLVED, that Loughlin Meghji + Company be and is hereby engaged as crisis managers to the Company in the Chapter 11 Case, subject to any requisite bankruptcy court approval;

RESOLVED, that Beekman Advisors, Inc. be and is hereby engaged as strategic advisor to the Company under a general retainer in the Chapter 11 Case, subject to any requisite bankruptcy court approval;

RESOLVED, that KPMG LLP be and is hereby engaged as tax and accounting advisor to the Company under a general retainer in the Chapter 11 Case, subject to any requisite bankruptcy court approval;

RESOLVED, that Epiq Bankruptcy Solutions, LLC be and is hereby engaged as claims and noticing agent for the Company under a general retainer in the Chapter 11 Case, subject to any requisite bankruptcy court approval;

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to negotiate, secure and obtain a commitment for proposed debtor in possession financing to be provided by one or more banks or other institutional lenders in order to meet the Company's financing needs during the prosecution of the Chapter 11 Case;

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers or documents and to take and perform any and all further acts and deeds which he or she deems necessary, proper, or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of such case;

RESOLVED, that each Authorized Person, and such other officers of the Company as any Authorized Person shall from time to time designate, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to engage and retain all assistance by legal counsel, accountants, financial advisors, restructuring advisors, and other professionals in connection with the Chapter 11 Case, with a view to the successful prosecution of such case;

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered, and directed, in the name

and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates, or other documents, and to take such other action as in the judgment of such person shall be or become necessary, proper, and desirable with a view to the successful prosecution of such case;

RESOLVED, that in connection with the Chapter 11 Case, each Authorized Person, and such other officers of the Company as any Authorized Person shall from time to time designate, be, and each hereby is, authorized and empowered on behalf of and in the name of the Company, to negotiate, execute, deliver, and perform or cause the performance of any notes, guarantees, security agreements, other agreements, consents, certificates, or instruments as such person considers necessary, appropriate, desirable, or advisable to effectuate borrowings or other financial arrangements, such determination to be evidenced by such execution or taking of such action;

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, and any such actions heretofore taken by any of them are hereby ratified, confirmed, and approved in all respects to: (i) negotiate, execute, deliver, and/or file any and all of the agreements, documents, and instruments referenced herein, and such other agreements, documents, and instruments and assignments thereof as may be required or as such officers deem appropriate or advisable, or to cause the negotiation, execution, and delivery thereof, in the name and on behalf of the Company, as the case may be, in such form and substance as such officers may approve, together with such changes and amendments to any of the terms and conditions thereof as such officers may approve, with the execution and delivery thereof on behalf of the Company by or at the direction of such officers to constitute evidence of such approval, (ii) negotiate, execute, deliver, and/or file, in the name and on behalf of the Company, any and all agreements, documents, certificates, consents, filings, and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as such officers deem appropriate or advisable in connection therewith, and (iii) do such other things as may be required, or as may in their judgment be appropriate or advisable, in order to effectuate fully the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby;

RESOLVED, that any and all past actions heretofore taken by any Authorized Person of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved; and

RESOLVED, that this Written Consent may be executed manually, by facsimile or by electronic signature in any number of counterparts, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

IN WITNESS WHEREOF, this Written Consent shall be effective as of the date first written above.

By:    Capmark Finance Inc., as Sole Member

_Fred Arnold_

Frederick Arnold
Executive Vice President and Chief
Financial Officer

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
                            :

*In re*                         :        **Chapter 11 Case No.**
                            :

**SUMMIT CREST VENTURES, LLC,**   :
                            :        **09-_____ (   )**

      **Debtor.**              :
                            :
------------------------------------------------------------x

## CONSOLIDATED LIST OF CREDITORS
## HOLDING 30 LARGEST UNSECURED CLAIMS

        The following is a list of creditors holding the thirty (30) largest unsecured claims against the above-captioned Debtor and certain affiliated entities that have simultaneously commenced chapter 11 cases in this Court (collectively, the "Debtors").[1]  This list has been prepared on a consolidated basis from the unaudited books and records of the Debtors, as of October 25, 2009.  The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtors' chapter 11 cases.  This list does not include (i) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims.  The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtor with respect to all or any portion of the claims listed below.

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are:  Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), and Capmark Affordable Equity Inc. (2381).  CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044.

Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.[2]

| | (1)<br><br>*Name of creditor and complete mailing address, including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[3]* | (5)<br><br>*Estimated amount of claim* |
|---|---|---|---|---|---|
| 1 | Citibank, N.A., as administrative agent under the $5,500,000,000 Credit Agreement, dated as of March 23, 2006.<br><br>2 Penns Way<br>Suite 200<br>New Castle, DE<br>19720 | Michael M. Schadt<br>Director, Institutional Clients Group<br>Citigroup<br>388 Greenwich St.<br>20th Floor<br>New York, NY<br>10013<br><br>(T) 212-816-8102<br>(F) 646-291-3357 | Bank loan | | $4,623,967,719 |
| 2 | Deutsche Bank Trust Company Americas, as trustee for the 5.875% Senior Notes.<br><br>60 Wall Street<br>27th Floor<br>MS:NYC60-2710<br>New York, NY<br>10005 | Kenneth R. Ring, Vice President, Deutsche Bank National Trust Co.<br>Global Transaction Banking Trust & Securities Services<br>25 DeForest Ave.<br>MS: 01-0105<br>Summit, NJ<br>07901<br><br>(T) 908-608-3191<br>(F) 732-578-4635 | Bond debt | | $1,200,000,000 |

---

[2] The Debtors reserve all such rights, including, without limitation, any rights to object to claims asserted with respect to the loan agreements governing the Debtors' prepetition credit facilities and the indentures governing the Debtors' prepetition unsecured notes, pursuant to which the liabilities of certain Debtors have been capped or limited.

[3] All claims are subject to customary offsets, rebates, discounts, reconciliations, credits, and adjustments, which are not reflected on this list.

| | (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|---|
| | *Name of creditor and complete mailing address, including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[3]* | *Estimated amount of claim* |
| 3 | Deutsche Bank Trust Company Americas, as Trustee for the Floating Senior Notes due 2010.<br><br>60 Wall Street<br>27th Floor<br>MS:NYC60-2710<br>New York, NY<br>10005 | Kenneth R. Ring, Vice President, Deutsche Bank National Trust Co. Global Transaction Banking, Trust & Securities Services<br>25 DeForest Ave.<br>MS: 01-0105<br>Summit, NJ<br>07901<br><br>(T) 908-608-3191<br>(F) 732-578-4635 | Bond debt | | $637,500,000 |
| 4 | Wilmington Trust FSB, as successor trustee for the 6.300% Senior Notes due 2017.<br><br>166 Mercer St.<br>Suite 2-R<br>New York, NY<br>10012-3249 | Adam Berman, Vice President<br>Wilmington Trust FSB<br>166 Mercer St.<br>Suite 2-R<br>New York, NY<br>10012-3249<br><br>(T) 212-941-4415<br>(F) 212-343-1079 | Bond debt | | $500,000,000 |
| 5 | Capmark Trust<br>Law Debenture Trust Company of New York, as Trustee under the Floating Rate Junior Subordinated Indenture.<br><br>767 Third Ave.<br>31st Floor<br>New York, NY<br>10017 | Law Debenture Trust Company of New York<br>767 Third Ave.<br>31st Floor<br>New York, NY<br>10017<br>Attn: Corporate Trust Administration<br><br>(F) 212-750-1361 | Bond debt | | $259,784,695 |
| 6 | Citicorp North America, Inc., as administrative agent for the Bridge Loan Agreement, dated as of March 23, 2006.<br><br>2 Penns Way<br>Suite 200<br>New Castle, DE<br>19720 | Michael M. Schadt Director, Institutional Clients Group Citigroup<br>388 Greenwich St.<br>20th Floor<br>New York, NY<br>10013<br><br>(T) 212-816-8102<br>(F) 646-291-3357 | Bank loan | | $234,203,621 |

| | (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|---|
| | *Name of creditor and complete mailing address, including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[3]* | *Estimated amount of claim* |
| 7 | GMAC LLC 200 Renaissance Center Detroit, MI 48265-2000 | David J. DeBrunner Mail Code 482-B08-D98 200 Renaissance Center Detroit, MI 48265-2000 | Guaranty | Contingent | $13,200,317 |
| 8 | Citibank, N.A 2 Penns Way Suite 200 New Castle, DE 19720 | Michael M. Schadt Director, Institutional Clients Group Citigroup 388 Greenwich St. 20th Floor New York, NY 10013 <br><br> (T) 212-816-8102 (F) 646-291-3357 | Reimbursement obligation under letter of credit | Contingent | $5,600,000 |
| 9 | Fannie Mae 3900 Wisconsin Ave., NW Washington, D.C. 20016-2892 | Karen D. Sharp, Senior Risk Manager Fannie Mae 3900 Wisconsin Ave., NW Washington, D.C. 20016-2892 <br><br> (T) 301-204-8178 | Guaranty | Contingent | $11,480,000 |
| 10 | JP Morgan Chase Bank, National Assn Mail Code IL1-0502 21 Clark St. 12th Floor Chicago, IL 60670 | Aloysius T. Stonitsch Mail Code IL1-0502 21 Clark St. 12th Floor Chicago, IL 60670 | Guaranty | Contingent | $5,043,276 |
| 11 | Freddie Mac 8200 Jones Branch Dr. McLean, VA 22102 | Director of Multifamily Management and Information Control, Freddie Mac Mortgage Company 8200 Jones Branch Dr. McLean, VA 22102 <br><br> (T) 703-903-2000 (F) 703-714-3273 | Guaranty | Contingent | $3,500,000 |

| | (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|---|
| | **Name of creditor and complete mailing address, including zip code** | **Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted** | **Nature of claim (trade debt, bank loan, government contract, etc.)** | **Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[3]** | **Estimated amount of claim** |
| 12 | Natixis Financial Products Inc. 45, rue Saint Dominique 75007 Paris, France | Kevin Johnson Nataxis Financial Products Inc. 9 West 57th St. 36th Floor New York, NY 10019 | Guaranty | Contingent | $3,037,145 |
| 13 | Prairie Enterprises Ltd. PO Box 496 3825 Columbus Rd SW Bldg. F Granville, OH 43023 | Michael J. Menzer PO Box 496 3825 Columbus Rd SW Bldg. F Granville, OH 43023 (T) 740-587-4150 | Lease termination | Unliquidated | $2,292,000 |
| 14 | Lehman Brothers Special Financing Inc. and Lehman Brothers Holdings Inc. 1271 Sixth Ave. 40th Floor New York, NY 10019 | Christine Karjanis Lehman Brothers Derivatives Legal 1271 Sixth Ave. 40th Floor New York, NY 10019 (T) 646-333-9526 | Derivative termination | Unliquidiated | $738,000 |
| 15 | 411 Borel, LLC 1590 Drew Ave. Suite 200 Davis, CA 95616 | 411 Borel, LLC 1590 Drew Ave. Suite 200 Davis, CA 95616 Attn: Lease Admin - 411 Borel | Lease termination | Unliquidated | $261,180 |
| 16 | CLPF-Plaza Del Mar III, L.P. 110 West A Street Suite 900 San Diego, CA 92101 | Peggy Thrailkill CLPF-Plaza Del Mar III, L.P. 110 West A Street Suite 900 San Diego, CA 92101 | Lease termination | Unliquidated | $246,300 |
| 17 | Wachovia Bank NA 301 South Tryon St. Charlotte, NC 28288-0200 | Vanessa N. Rodriguez Wachovia Bank, NA 301 South Tryon St. Charlotte, NC 28288-0200 (T) 212-214-5411 (F) 212-214-8955 | Reimbursement obligation under letter of credit | Contingent | $200,000 |

| | (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|---|
| | *Name of creditor and complete mailing address, including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[3]* | *Estimated amount of claim* |
| 18 | Affiliated Computer Systems 510 West Parkland Dr. Sandy, UT 84070 | Regional Vice President of Operations, Mortgage Solutions 510 West Parkland Dr. Sandy, UT 84070 | Trade debt | Unliquidated | $156,000 |
| 19 | Crown Advisors Inc. 30 Isabella St. Suite 203 Pittsburgh, PA 15212 | Crown Advisors Inc. 30 Isabella St. Suite 203 Pittsburgh, PA 15212 (T) 412-566-1100 | Trade debt | Unliquidated | $129,000 |
| 20 | Techicon Software Solutions Inc. Unit 1205, Bldg. 12 720 Johnsville Blvd. Warminster, PA 18974 | Techicon Software Solutions Inc. Unit 1205, Bldg. 12 720 Johnsville Blvd. Warminster, PA 18974 (T) 267-614-2871 (F) 215-997-0780 | Trade debt | Unliquidated | $121,000 |
| 21 | PS WebWorks, Inc. 477 Riverwood Ln. Phoenixville, PA 19460 | P. Schippnick PS WebWorks, Inc. 477 Riverwood Ln. Phoenixville, PA 19460 | Trade debt | Unliquidated | $100,000 |
| 22 | Walton Houston Galleria Office LP 2700 Post Oak Blvd. Suite 200 Houston, TX 77056 | Howare Brody Walton Houston Galleria Office LP 900 Michigan Ave. 19th floor Chicago, IL 60601 | Lease termination | Unliquidated | $108,000 |
| 23 | McCracken Financial Solutions 8 Suburban Park Dr. Billerica, MA 01821-3903 | McCracken Financial Solutions 8 Suburban Park Dr. Billerica, MA 01821-3903 | Trade debt | Contingent | $95,000 |
| 24 | OpSource Inc. 5201 Great America Pkwy. Suite 120 Santa Clara, CA 95054 | OpSource Inc. 5201 Great America Pkwy. Suite 120 Santa Clara, CA 95054 | Trade debt | Unliquidated | $67,800 |

| | (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|---|
| | Name of creditor and complete mailing address, including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[3] | Estimated amount of claim |
| 25 | GRE 800 Brickell LP 300 SE 2nd St. Fort Lauderdale, FL 33301 | Asset Manager GRE 800 Brickell LP 300 SE 2nd St. Fort Lauderdale, FL 33301 | Lease termination | Unliquidiated | $62,900 |
| 26 | The Fentress Group LLC 8001 Ravines Edge Ct. Suite 112 Columbus, OH 43235 | The Fentress Group, LLC 8001 Ravines Edge Ct. Suite 112 Columbus, OH 43235 (T) 614-825-0011 (F) 614-825-0014 | Trade debt | Unliquidated | $55,150 |
| 27 | Data Select Systems, Inc. 2829 Townsgate Rd. Suite 300 Westlake Village, CA 91361 | Phillip C. Freeman, President Data Select Systems, Inc. 2829 Townsgate Rd. Suite 300 Westlake Village, CA 91361 | Trade debt | Unliquidated | $40,000 |
| 28 | Evolution Staffing 111 S. Independence Mall E. Suite 835 Philadelphia, PA 19106 | Ron Stoloff Evolution Staffing 111 S. Independence Mall E. Suite 835 Philadelphia, PA 19106 | Trade debt | Unliquidated | $30,000 |
| 29 | JVR Consulting Inc. 49 Cranberry Lane Delran, NJ 08075 | Victor J. Conduci JVR Consulting Inc. 49 Cranberry Lane Delran, NJ 08075 | Trade debt | Unliquidated | $30,000 |
| 30 | BTZ Technologies 119 S. Franklin St. Lambertville, NJ 08530 | BTZ Technologies 119 S. Franklin St. Lambertville, NJ 08530 | Trade debt | Unliquidated | $20,000 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------x
                                           :
In re                                      :   Chapter 11 Case No.
                                           :
SUMMIT CREST VENTURES, LLC,                :
                                           :   09-_____  (  )
        Debtor.                            :
                                           :
------------------------------------------------------------x
```

### DECLARATION REGARDING CONSOLIDATED LIST OF
### CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

I, the undersigned authorized officer of Capmark Finance Inc., as sole member of

Summit Crest Ventures, LLC, named as the debtor in this case, declare under penalty of perjury

that I have reviewed the foregoing Consolidated List of Creditors Holding 30 Largest Unsecured

Claims and that it is true and correct to the best of my information and belief.

Dated: October 25, 2009
      Wilmington, Delaware

By:    Capmark Finance Inc., as sole member

        Frederick Arnold
        Executive Vice President and Chief
        Financial Officer

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------------x
                                           :
In re                                      :    Chapter 11 Case No.
                                           :
SUMMIT CREST VENTURES, LLC,                :
                                           :    09-_____ (   )
        Debtor.                            :
                                           :
---------------------------------------------------------x
```

## LIST OF EQUITY SECURITY HOLDERS

The following lists the equity security holders of Summit Crest Ventures, LLC,

the debtor and debtor in possession in the above-captioned case, as of the date hereof. This list is

being filed pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.

| Equity Security Holder | Address | City | State | Zip | Percentage of Shares |
|---|---|---|---|---|---|
| Capmark Finance Inc. | 116 Welsh Road | Horsham | Pennsylvania | 19044 | 100% |

Dated: October 25, 2009
Wilmington, Delaware

By       Capmark Finance Inc., as Sole Member

_Fred Arnold_

Frederick Arnold
Executive Vice President and Chief
Financial Officer

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
SUMMIT CREST VENTURES, LLC,                     :
                                                :    09-_____  (   )
            Debtor.                             :
                                                :
------------------------------------------------x
```

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO
## FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(a)(1) AND 7007.1

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy

Procedure and to enable the Judges to evaluate possible disqualification or recusal, on behalf of

Summit Crest Ventures, LLC ("SCV"), the undersigned certifies that the following entities

directly or indirectly own 10% or more of any class of SCV's equity interests:

- **Capmark Finance, Inc.**
- **Capmark Financial Group Inc.**[1]

Dated: October 25, 2009
      Wilmington, Delaware

By    Capmark Finance Inc., as Sole Member

       *Fred Arnold*

       Frederick Arnold
       Executive Vice President and Chief
       Financial Officer

---

[1] The equity security holders of Capmark Financial Group Inc. ("CFGI") include GMACCH Investor LLC, which holds approximately 75.4% of the common stock of CFGI, GMAC Mortgage Group LLC, which holds approximately 21.3% of the common stock of CFGI, and certain employees and directors of CFGI, which collectively hold approximately 3.3% of the common stock of CFGI. GMACCH Investor LLC is owned by certain affiliates of Kohlberg Kravis Roberts & Co. L.P., Five Mile Capital Partners LLC, Goldman Sachs Capital Partners and Dune Capital Management LP. GMAC Mortgage Group LLC is wholly owned by GMAC LLC.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------x
                                            :
In re                                       :   Chapter 11 Case No.
                                            :
SUMMIT CREST VENTURES, LLC,                 :
                                            :   09-_____ (  )
         Debtor.                            :
                                            :
-------------------------------------------------x
```

## DECLARATION CONCERNING CORPORATE OWNERSHIP STATEMENT

I, the undersigned authorized officer of Capmark Finance Inc., as sole member of

Summit Crest Ventures, LLC, named as the debtor in this case, declare under penalty of perjury

that I have reviewed the Corporate Ownership Statement of Summit Crest Ventures, LLC,

submitted herewith and that it is true and correct to the best of my information and belief.

Dated: October 25, 2009
      Wilmington, Delaware

                    By      Capmark Finance Inc., as Sole Member

                                Fred Arnold
                                Frederick Arnold
                                Executive Vice President and Chief
                                Financial Officer